LAW OFFICES
# Richard B. Herman, L.L.C.

Richard B. Herman
ADMITTED:
NEW YORK
PENNSYLVANIA
DISTRICT OF COLUMBIA
CONNECTICUT (U.S. DIST. COURT ONLY)

300 PARK AVENUE
SUITE 1700
NEW YORK, NEW YORK 10022
TELEPHONE (212) 759-6300
FACSIMILE (212) 759-7373
EMAIL: rbh@rbhlaw.us

**BY ECF AND FIRST CLASS MAIL**

November 29, 2007

Nicholas Lloyd McQuaid, Esquire
Assistant United States Attorney
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:  United States of America v. Florim Gjonbalaj
          07 Cr. 1018 (SCR)

Dear Mr. McQuaid:

  As counsel for defendant Florim Gjonbalaj, I write this letter pursuant to Rule 7 and Rule 16 of the Federal Rules of Criminal Procedure *in lieu* of a formal discovery motion, which might unnecessarily burden the Court. I recognize that the government has already and continues to produce Rule 16 discovery material in this case. I write, however, to ensure that we have requested and the government will provide all materials and notices which we believe to be relevant in this matter. In the event of a disagreement between us as to whether Mr. Gjonbalaj is entitled to a particular item, we can ask the Court to resolve the conflict.

### A. Definitions

  Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. Our request for discovery and inspection relates to items in the possession, custody or control of the Office of the United States Attorney ("your Office") as well as all federal, state and city agencies or governmental and/or administrative entities, including but not limited to the Federal Bureau of Investigation and United Nations, over which your Office has sufficient control or liaison to obtain access to materials possessed by such agency or entity (hereinafter, collectively, "the Government"). With respect to those items which we request, if your Office does not have them in its possession, we ask for a statement to the effect that such items do not exist or are not in your Office's possession.

1

If your Office is aware that a requested item exists, but does not have it in its possession, then we request that you disclose the whereabouts of the item. As used herein, the term "document" means any tangible things containing, reflecting, capable of reproducing, or having reproduced from it, visually or orally, language, numerals or pictures and relating to or referring in any manner to the allegations of the Indictment and the matters referred to therein.

It is requested that the government disclose the following:

### B. General Rule 16 Materials

1.Mr. Gjonbalaj requests that the government produce and identify the substance of any written, recorded or oral statements attributed to him or any other charged defendant. In this regard, counsel for the government is specifically requested to inquire of all law enforcement personnel whom he knows to have been connected with this case, as well as any and all potential government witnesses or other people who have supplied information to the government whether they are aware of any written or recorded statements of the defendants, and if so, to make any such statements available, forthwith, for inspection by counsel.

2.Mr. Gjonbalaj requests that the government produce the substance of any written, recorded or oral statements which the government intends to offer in evidence at the trial made by any alleged unindicted "others," who are charged with participating in the Indictment. The government is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other written, recorded or oral statements purportedly made by alleged unindicted co-conspirators.

3.Mr. Gjonbalaj requests permission to inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects or copies of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known (this includes documents in the possession of any cooperating witness) to the government and which are material to the preparation of his defense or which are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to the defendants. Defense counsel seek the right to inspect those items discoverable under Rule 16.

4.Mr. Gjonbalaj further requests that the government permit him to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Your attention is respectfully directed to the fact that this provision is not triggered only with regard to such reports, etc., which the government intends to offer during its case-in-chief. Reports, etc., which are "material to the preparation of the defense" are also discoverable. In the event that the government is, in fact,

in possession of reports, etc., which it does not intend to offer (or subsequently comes into possession of such reports), the government is respectfully asked to seek a ruling of the Court, *ex parte* if necessary, to assist in determining whether such reports are discoverable as "material to the preparation of the defense" of this case.

5. Mr. Gjonbalaj requests the government to disclose the name and address of any witness which it intends to call and which the government will seek to elicit "expert" testimony from, within the meaning of Federal Rules of Evidence 702 and 703. The government is also requested to provide, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(E), a written summary of testimony that the government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial. This summary should describe in detail the witnesses' opinions, the bases and the reasons for those opinions and the witnesses' qualifications to offer such opinions. Moreover, the government is requested to disclose any reports, studies or other data which such expert will rely upon in giving his/her testimony.

6. Mr. Gjonbalaj requests that the government produce a list of any exhibits it intends to use at trial that are now known to the government and to provide any additions to such list, if applicable.

## C. *Brady* and *Giglio* Material

7. The government is requested to disclose the names, addresses, and telephone numbers of any person whom the government knows or has reason to know may possess Brady, Giglio, Agus, and Bagley information relevant to the charges against Mr. Gjonbalaj in this case. In addition, all relevant Brady, Giglio, Agus, and Bagley material is requested, including copies of all documents, statements and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to Mr. Gjonbalaj or which tends to negate or mitigate his guilt as to the offenses charged, or which would tend to reduce the punishment thereto. In this regard, disclose any and all records and/or information which be helpful or useful to the defense in impeaching said person, including any statements of the witness which conflict with the government's present theory of the case.

8. With respect to each person the government intends to call at trial, or any member of the immediate family of any such person, attach copies of all indictments, complaints, arrests, "rap sheets," hearing or information brought against such person by the federal, or any state or local government; all disciplinary actions brought by the federal, or any state or local government; and state what counts or actions have been the subject of guilty pleas, convictions, dismissals or understandings to dismiss at a future date, the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken; any promise of non-prosecution for any crime; any agreements or understandings by the prosecution to assist the witness; any fact or allegation concerning criminal or other misconduct which is not

3

reflected on a written "rap sheet;" any situation known to the prosecutor where the witness could be named as a defendant or co-conspirator, but has not been charged; any materials reflecting possible motivation of such witness to cooperate with the prosecution; any other material bearing upon the witness' hopes or expectations (regardless of whether the witness in fact realized his expectations) for his cooperation with the government. If the government does not have copies of all indictments, complaints, information, arrests, hearings or disciplinary actions, state the dates and places of such arrests, hearings, indictments, and information, or disciplinary actions, the charge brought and the disposition of those charges so far as it is known. With respect to each person the government intends to call at trial, or any member of the immediate family of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not be brought because the witness is cooperating with or has cooperated with the federal, state or city governments, or for any other similar or related reason. This request includes institutional disciplinary records, if such person was a federal or state inmate.

9. Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise. Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial. Include all information which may bear on the credibility of any witnesses and all information bearing on his relationship to any federal, state or city agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence or at the insistence of the government. This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

10. Provide all documents and other evidence regarding drug or alcohol usage and/or dependency by any individuals the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state city or military drug or detoxification program. All documents and other evidence regarding any physical or mental disease, disability or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental diseases, disability or disorder. This request includes records and reports of psychological or psychiatric testimony with respect to any such person who was an inmate of a federal or state prison or underwent such tests as a condition of entering the federal witness protection program.

11. Provide any and all statements - formal and informal, oral or written - by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action - state or federal, civil or criminal - or immigration matters against the witness, or anyone related to the witness by blood or marriage.

4

12.     Provide any and all statements or documents, including but not limited to grand jury testimony and federal, state and local tax returns made or executed by any potential prosecution witness at the trial of this action which the prosecution knows, or through reasonable diligence, should have reason to know is false. This request includes any exculpatory information given before the grand jury, as well as any report in which it is recited that persons other than the accused committed the crime or that the present theory of the government may be in error.

13.     Please provide a list of all documents used, obtained or written in connection with the investigation preceding the indictments that the government destroyed, for whatever reason, including but not limited to rough notes to interviews, reports, memoranda, subpoenaed documents and other documents.

14.     Please provide a list of all persons (and their counsel) who were asked by the government or its representatives whether they or their clients would and/or could implicate Mr. Gjonbalaj in any criminal wrongdoing.

15.     Please inform whether or not the government has used informants, undercover agents or any such entity or individual. If so, please provide the names of such individuals and a means by which such individual may be located.

16.     Provide all information which may demonstrate an inconsistency or arguable inconsistency with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of Mr. Gjonbalaj.

17.     Mr. Gjonbalaj requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either de facto or statutory immunity (inter alia, 18 U.S.C. §§6001, et seq.), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of diligence, may become known to counsel for the government.

18.     Mr. Gjonbalaj requests the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the payment of money or the receipt of other things of value by any individual or entity who provide assistance or information to any state or federal law enforcement or prosecutorial agency or any administrative agency, including but not limited to the Internal Revenue Service, in connection with this case. Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

19.     Mr. Gjonbalaj requests that the government disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state or federal law enforcement representative, attorney or other person acting as agent of or on

behalf of state or federal government, to any person or entity who is to be a witness in this case or is otherwise connected to this case. Counsel for the government is specifically requested to inquire of those law enforcement representatives connected to this case, including but not limited to, members of the Federal Bureau of Investigation and any other local or New York State law enforcement agencies, whether any such oral or written promises, inducements, agreements, etc., have been made to any person in connection with this case.

20. Mr. Gjonbalaj requests that the government disclose any and all actions, promises or efforts - formal or informal - on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner, member, agent or servant. This request includes, but not limited to: (a) letters to anyone informing the recipient of the witness' cooperation; (b) recommendations concerning federal or state aid or benefits or tax matters; c) recommendations concerning licensing, certification or registration; (d) promises to take affirmation action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment or promises not to jeopardize such status; (f) aid or incidental thereto; (g) direct payments of money or subsidies to the witness and his family; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

21. Mr. Gjonbalaj requests the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state or federal government to provide assistance, protection or relocation to any individual or member of such individual's family, who provided assistance to any state or federal enforcement or prosecutorial agency or administrative agency in conjunction with this case. These documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

### D. Search, Seizure and Related Material

22. Mr. Gjonbalaj requests the opportunity to inspect and copy any and all records, schedules, bills or other documents which relate to this case, including those which reflect telephone calls or toll call records or telephone charges over any instrument in which Mr. Gjonbalaj maintained a possessory interest or over such instrument the government knew, or believed, he utilized and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for government.

23. The Government is requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises which relate to

this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

24. The Government is requested to disclose any and all documents, objects or other tangible items which were obtained by virtue of physical search of Mr.Gjonbalaj's home, other residences, or place of business. We also request that the government make available any additional materials which have come within the government's possession, custody or control as the result of any other physical search and/or seizure of any person or place, with or without prior judicial authorization, which is relevant to the government's prosecution of the Indictment.

25. The Government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

26. The Government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

27. The Government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any technologically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If technologically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

28. The Government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this case, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the counsel for the government.

29. The Government is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of Mr. Gjonbalaj that were made from: (a) airplanes, helicopters or other airborne devices; or (b) property owned, leased or in which Mr. Gjonbalaj had a possessory, leasehold or ownership interest.

RICHARD B. HERMAN, L.L.C.
300 PARK AVENUE, SUITE 1700, NEW YORK, NY 10022 (212) 759-6300

### E. Wiretapping, Eavesdropping and Consensual
### Recording and Related Materials

30. Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

31. Discovery is specifically sought as to any and all statements of Mr. Gjonbalaj, his agents, any alleged unindicted co-conspirators, or other individuals, whether oral, recorded or written which were seized by electronic or mechanical means and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel of the Government.

32. Discovery is sought as to any and all mechanical or electronic recordings and/or tapes that contain any of Mr. Gjonbalaj's, his agents', or any alleged unindicted co-conspirator's conversations which emanated from any premises or over any instrument in which Mr. Gjonbalaj possessed a proprietary interest or which were made in connection with a court ordered eavesdropping warrant in which Mr. Gjonbalaj was named as a party to be intercepted or was in fact intercepted.

33. Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications which were made by any public servant, or their duly authorized representatives, which are germane to this case and related in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments. Discovery is also specifically sought as to any documents, recordings of hearings, or any other record of any request for the unsealing of the contents of tape recordings of the government's wiretapping or eavesdropping of Mr. Gjonbalaj made during the course of the government's investigation related to any Superseding Indictment in this case.

34. Discovery is sought as a schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunction with, or relate to, this case.

### F. Miscellaneous Materials

35. It is requested that the government give reasonable notice to Mr. Gjonbalaj, no later than 30 days prior to the trial date, of any intention to offer evidence pursuant to Federal Rule of Evidence 404(b) of other "crimes wrongs or acts" of the defendants, set forth a list of all such crimes, wrongs, or acts specified by date, time, location, and participants the prosecution intends or may seek

to introduce against defendants; and a statement setting forth the prosecutor's theory or admissibility as to each such item. If it is the intention of your Office to impeach Mr. Gjonbalaj's credibility, should he testify, with evidence offered or testimony elicited pursuant to Federal Rules of Evidence 608 and 609, the United States is requested to disclose all such cross-examination items so that an advance ruling may be sought as to admissibility and potentially overriding prejudicial effect.

36.     Provide counsel with a list of the names, aliases, and addresses of each and every one of the alleged "others" charged in the Indictment known to the government.

Should you have any questions concerning any of these requests, please do not hesitate to contact me for clarification. Pending the receipt of the information requested herein, we are reserving Mr. Gjonbalaj's rights to make motions to the Court, including motions to suppress physical evidence, identification testimony, statements of the defendant, etc.

Your courtesy and anticipated cooperation in this matter is appreciated.

Very truly yours,

RICHARD B. HERMAN, LLC

By: Richard B. Herman

cc:    Clerk of the Court (by ECF)

---

As to all items requested above, we assume that the government will adhere to its continuing duty to disclose information.

9